**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Christina Marie Lewis,<br><br>       Plaintiff,<br><br>   -v-<br><br>Martin O'Malley, Commissioner of Social Security,<br><br>       Defendant. | 2:24-cv-06254<br>(NJC) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Presently before the Court is an application to proceed in forma pauperis ("IFP") filed by counsel on behalf of Christina Marie Lewis ("Lewis") together with a complaint seeking review pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), of a decision of the Commissioner of Social Security. (*See* Compl., ECF No. 1; IFP App., ECF No. 2.) For the reasons that follow, the application to proceed IFP is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) ("Long Form"). Alternatively, Lewis may pay the $405 filing fee within fourteen (14) days in order for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). "The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Davis v. NYC Dep't of Educ.*, 10-cv-3812, 2010 WL

3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. N.Y.C. Health & Hosps. Corp.*, 07-cv-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See*, *e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. *Davis*, 2010 WL 3419671 at *1 (citing *DiGianni v. Pearson Educ.*, 10-cv-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Further, "[i]n assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quotation marks and citation omitted).

Here, Lewis's application does not provide sufficient information for the Court to reasonably conclude that Lewis is unable to afford the filing fee. For example, Lewis reports that she lives with her parents and her parents "pay[] all the bills for the home; I'm on there mobile plan." (IFP Mot. ¶ 6, ECF No. 2.)[1] Further, Lewis reports owning a 2024 Honda CR-V and reports that her "father pays the car insurance" (*Id.* ¶¶ 5–6.) Although Lewis reports that she is unemployed and has $60 in cash or in an account, she also reports that her parents financially support her and her two children. (*Id.* ¶¶ 2, 4, 6, 8.) Thus, the present application does not

---

[1] Excerpts from the Amended Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation or grammar will not be corrected or noted.

include sufficient information for the Court to determine whether Lewis is qualified for a fee waiver given that Lewis's parents are reported to "ordinarily provide the applicant with the necessities of life." *Fridman*, 195 F. Supp. 2d at 537; *see also generally* IFP Mot. Accordingly, the IFP motion is denied without prejudice and with leave to renew on the Long Form. In so doing, Lewis shall include the financial information for her parents in the spaces marked "spouse" on the Long Form. Alternatively, Lewis may pay the $405 filing fee. Lewis shall either file the Long Form or remit the filing fee within two (2) weeks of the date of this Order, by **October 9, 2024**, or the complaint will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


SO ORDERED.                                            _ _*/s/ Nusrat J. Choudhury* _ _
                                                         NUSRAT J. CHOUDHURY
                                                         United States District Judge

Dated:           Central Islip, New York
                 September 25, 2024

3